UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
PORTIA SAUNDERS,

          Plaintiff,     CIVIL ACTION NO.

      -against-       COMPLAINT

 JAMES T. CORT, M.D.,

          Defendant.
-----------------------------------------------------------------------X

    Plaintiff Portia Saunders ("Saunders" or "Plaintiff"), by her attorneys, Katz Melinger PLLC, complaining of the defendant, James T. Cort, M.D. ("Cort" or "Defendant"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

    1.  This is an action seeking equitable and legal relief for Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"), the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

    2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

    3.  This Court has supplemental jurisdiction over the claims arising under the New Jersey Law Against Discrimination, the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's federal law claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant resides and conducts business through his employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the state of New Jersey.

6.      At all relevant times, Plaintiff was employed by Defendant as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 10:5-5(e).

7.      Defendant is an individual residing, upon information and belief, in the state of New Jersey.

8.      Defendant is a doctor who specializes in internal medicine, and is the owner of a medical practice located at 98 South Munn Avenue, East Orange, New Jersey 07018.

9.      At all relevant times, Defendant employed Plaintiff and had the authority to hire, fire, and discipline Plaintiff; set Plaintiff's work schedules and conditions of employment; determine the rate and method of payment for Plaintiff; and maintain Plaintiff's employment records.

10.      At all relevant times, Defendant exercised sufficient control over Plaintiff's day-to-day operations to be considered her employer under the FLSA, NJWHL, NJWPA, and NJLAD.

11.      Defendant operates in interstate commerce and, upon information and belief, the revenues of his medical practice are in excess of the minimum required to fall within the jurisdiction of the FLSA.

12.      Defendant is subject to suit under the statutes alleged above.

## III. Factual Allegations

13.     Plaintiff worked for Defendant as a medical assistant from in or around December 2017 until on or around April 18, 2018.

14.     As a medical assistant, Plaintiff's principal job responsibilities included filing paperwork, assisting patients, taking patients' vital signs, scheduling appointments, and handling requests for referrals.

## Defendant's Violation of the FLSA, NJWHL, and NJWPA

15.     Throughout her employment with Defendant, Plaintiff regularly worked five (5) days per week as follows: Mondays, Tuesdays, Thursdays, and Fridays, from approximately 8:30 a.m. until approximately 7:00 p.m., and Wednesdays from approximately 8:30 a.m. to between1:00 p.m. and 2:00 p.m., with a daily thirty (30) minute break, for an average of forty-four and a half (44.5) hours worked per week.

16.     Throughout Plaintiff's employment, Defendant failed to track Plaintiff's work hours.

17.     Defendant compensated Plaintiff with a fixed salary of $24,000.00 per year, regardless of the number of hours Plaintiff worked per week.

18.     Plaintiff routinely worked in excess of forty (40) hours per week during her employment with Defendant.

19.     However, Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) per week.

20.     Plaintiff's primary job duties as a medical assistant did not require her to exercise independent discretion or judgment with respect to matters of significance to Defendant's business.

21.     At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did she make suggestions or recommendations as to the hiring or firing of other employees.

22.     Throughout her employment with Defendant, Plaintiff was a non-exempt employee pursuant to the FLSA and NJWHL and was entitled to receive overtime wages for all hours worked in excess of forty (40) per week.

23.     However, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) per week, in violation of the FLSA and NJWHL.

24.     Defendant was present when Plaintiff began and ended each workday.

25.     Therefore, Defendant knew or should have known that Plaintiff routinely worked more than forty (40) hours per week.

26.     Despite this knowledge, Defendant failed to pay Plaintiff overtime wages for the hours that she worked in excess of forty (40) per week.

27.     Defendant's failure to pay Plaintiff all wages owed to her was an intentional and willful violation of federal and state wage and hour laws.

28.     Plaintiff sustained substantial damages from the acts and omissions described herein.

## Defendant's Violations of NJLAD

29.     In or around February 2018, Plaintiff learned she was pregnant and soon thereafter informed Defendant verbally of her pregnancy.

30.     On or around April 3, 2018, Plaintiff also provided Defendant with a letter from her obstetrician confirming her pregnancy.

31.     Shortly thereafter, Plaintiff began experiencing morning sickness at work due to her pregnancy.

32.     On or around April 10, 2018, after learning that Plaintiff was experiencing morning sickness while at work, Defendant requested that Plaintiff provide a letter from her obstetrician confirming that Plaintiff was fit to perform the duties of her job.

33.     Defendant also drafted a note, which he instructed Plaintiff to provide to her obstetrician, informing Plaintiff's obstetrician of Plaintiff's morning sickness and requesting that Plaintiff be evaluated.

34.     On the same day, Plaintiff visited her obstetrician, who provided Plaintiff with a letter for Defendant confirming that Plaintiff was "medically cleared to work" and that her symptoms "are normal for her gestational age."

35.     Plaintiff provided this letter to Defendant on or around April 12, 2018.

36.     A few days later, on or around April 18, 2018, Defendant terminated Plaintiff's employment without providing any explanation.

37.     Shortly after Plaintiff's termination, Defendant replaced Plaintiff by hiring a full-time employee who, upon information and belief, was not pregnant at the time her employment with Defendant began.

38.     Throughout her employment, Plaintiff was an exemplary employee without any prior complaint from Defendant or anyone else regarding her work performance.

39.     Defendant's actions were discriminatory due to Plaintiff's pregnancy, as evidenced by the foregoing facts.

40.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, serious mental anguish, physical discomfort, pain and suffering, and shame and embarrassment.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

41.     Plaintiff repeats and realleges all prior allegations set forth above.

5

42.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) per week.

43.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendant.

44.     Throughout the relevant period, Defendant knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay for each hour worked in excess of forty (40) per week.

45.     Instead, Defendant compensated Plaintiff with a fixed yearly salary regardless of the number of hours that she worked each week, and failed to provide Plaintiff with overtime wages for all hours worked in excess of forty (40) per week.

46.     As a result of Defendant's violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

47.     As Defendant did not have a good faith basis to believe that his failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of all overtime wages due ("liquidated damages").

48.     Judgment should be entered in favor of Plaintiff and against Defendant on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the New Jersey Wage and Hour Law)*

49.     Plaintiff repeats and realleges all prior allegations set forth above.

6

50.     Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to overtime wages of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) per week.

51.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendant.

52.     However, Defendant knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay for each hour worked in excess of forty (40) per week.

53.     Instead, Defendant compensated Plaintiff with a fixed yearly salary regardless of the number of hours she worked each week, and failed to provide Plaintiff with overtime payments for all hours worked in excess of forty (40) per week.

54.     As a result of Defendant's violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all wages due to her, along with reasonable attorneys' fees, interest, and costs.

55.     As Defendant did not have a good faith basis to believe that his failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

56.     Judgment should be entered in favor of Plaintiff and against Defendant on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

57.     Plaintiff repeats and realleges all prior allegations.

58.     At all relevant times, Defendant failed to pay Plaintiff the full amount of wages due to her, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

59.     Defendant also failed to pay Plaintiff all wages due to her, including overtime wages, not later than the regular payday for the pay period during which she last worked for Defendant, in violation of N.J.S.A. 34:11-4.3.

60.     As a result of Defendant's violations of the law and failure to pay Plaintiff all wages due to her, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendant all unpaid wages, along with interest and costs.

61.     Judgment should be entered in favor of Plaintiff and against Defendant on the Third Cause of Action in the amount of Plaintiff's unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Pregnancy-Based Discrimination in Violation of the New Jersey Law Against Discrimination)*

62.     Plaintiff repeats and realleges all prior allegations.

63.     Defendant discriminated against Plaintiff because she was pregnant, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

64.     Due to Plaintiff's pregnancy, she was a member of a protected class.

65.     Defendant was aware of Plaintiff's pregnancy.

66.     Although Plaintiff was qualified for her job and was fully performing her job to Defendant's legitimate expectations, Defendant terminated Plaintiff's employment.

67.     After Plaintiff's termination, Defendant hired someone who was not a member of the protected class to perform Plaintiff's duties.

68.     Defendant unlawfully discriminated against Plaintiff by terminating her employment.

69.     Plaintiff's pregnancy was a motivating factor in Defendant's decision to terminate her employment.

70.     Defendant terminated Plaintiff's employment because of her pregnancy.

71.     Defendant's decision to terminate Plaintiff's employment because of her pregnancy was done in wanton and willful disregard of Plaintiff's rights.

72.     Prior to terminating Plaintiff's employment, Defendant knew, or should have known, that making employment decisions because of an individual's pregnancy is illegal and discriminatory.

73.     Defendant knew, or should have known, that Plaintiff would be harmed by his decision to terminate her.

74.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, and/or physical manifestation of emotional distress injuries.

75.     Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy her life.

76.     As a result of Defendant's violations of the law and unlawful termination of Plaintiff's employment, Plaintiff has been damaged and is entitled to recover from Defendant lost wages and benefits, back pay, front pay, damages for humiliation, mental and emotional distress, punitive damages, and attorneys' fees, along with interest and costs.

77.     Judgment should be entered in favor of Plaintiff and against Defendant on the Fourth Cause of Action in the amount of Plaintiff's lost wages and benefits, back pay, front pay, damages for humiliation, mental and emotional distress, punitive damages, attorneys' fees, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff;

c) on the Fourth Cause of Action for all lost wages and benefits, back pay, front pay, damages for humiliation, mental and emotional distress, punitive damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) interest;

e) costs and disbursements; and

f) such other and further relief as is just and proper.

Dated: New York, New York
       May 20, 2019

*/Nicole Grunfeld/*
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*
